✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__TIMOTHY ALLEN HENRY BOYCE__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:10 cr 13

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1) & 846__.
  - ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence  ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                                     *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 cr 13

**UNITED STATES OF AMERICA,**

Vs.                                                                            **ADDENDUM TO**
                                                                                                               **DETENTION ORDER**

**TIMOTHY ALLEN HENRY BOYCE.**

_____

**I. FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine and cocaine base.

**(g)(2):** The weight of the evidence against the person appears to be at greater than the level of probable cause. Testimony was presented that undercover purchases of cocaine had been made from the defendant and a search of the defendant's dwelling had revealed that the defendant was in possession of cocaine.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. He states that he has employment as a barber, however, testimony from McDowell County Sheriff's detective Jackie Dean Turner, Jr. indicated that the defendant had not been employed during a significant period of time. The defendant has a long length of residence in the McDowell County community. The defendant has the following criminal convictions:

| Offense | Conviction Date |
|---|---|
| No operators license, failure to report accident | 10/02/92 |
| Driving while impaired | 11/04/96 |
| Misdemeanor contributing to the delinquency of a minor | 12/03/97 |
| Four counts of felony possession with intent to manufacture, sell and deliver cocaine and 4 counts of sell and delivery of cocaine | 08/03/98 |
| Hit and run property damage | 04/15/02 |
| Having an open container of alcohol after consuming | 11/06/02 |
| Misdemeanor possession of drug paraphernalia and misdemeanor maintaining a vehicle for the purpose of keeping a controlled substance | 10/04/07 |
| Possessing an open container of alcohol | 08/28/07 |
| No operators license | 10/08/07 |
| Driving while license revoked | 01/28/08 |
| Misdemeanor possession of marijuana | 09/03/08 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was arrested on July 1, 2009 in McDowell County, NC

and charged with felony possession of a schedule I controlled substance, felony possession of cocaine, felony possession with intent to sell and deliver cocaine, felony maintaining a vehicle or dwelling place for the purpose of keeping a controlled substance, felony possession with intent to manufacture, sell and deliver a schedule III controlled substance. The defendant was released on bond and while he was released on bond the defendant sold cocaine to a confidential informant.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has eight felony convictions, all involving the sale and delivery of controlled substances and twelve misdemeanor convictions, many of which involve the use and possession of controlled substances. While the defendant was released on bond on underlying state charges he sold cocaine in 2009. The sale and delivery of cocaine creates a risk of harm or damage to any other person or the community. The charge against the defendant creates a presumption that there is no condition or combination of conditions of release that would assure the safety of the community. The presumption is subject to rebuttable. The undersigned finds that the defendant has not rebutted that presumption and there is clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result the undersigned has determined to detain the defendant.

The undersigned finds that the release of the defendant would create a risk of flight on his part has been rebutted. The defendant has resided the majority of his life in McDowell County, NC and the defendant has never failed to appear at any court proceeding.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: March 1, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge